IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AHMED SALAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-cv-04306-NKL |
| ) | |
| SAMUEL TRAPP, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On July 17, 2015, the Court ordered Plaintiff Ahmed Salau to show cause why this case should not be dismissed under Fed. R. Civ. P. 4(m) for failure to timely serve the Defendants. [Doc. 19]. Because the Defendants have not yet been served, and Salau has not shown good cause or excusable neglect for his failure to do so, the action is dismissed without prejudice.

**I.    Background**

Salau, proceeding pro se, was granted leave to proceed *in forma pauperis* on January 26, 2015 and his Complaint was filed the same day. [Docs. 4 and 6.] With respect to service of process, the Court ordered:

> Plaintiff is acting pro se and the Clerk's office is responsible for … forwarding the appropriate process forms to Plaintiff. By no later than 2/20/2015, Plaintiff shall return the completed summons and service forms to the Clerk's Office showing the address where Defendant may be served. Once this is received, the Clerk shall issue the summons and deliver it to the United States Marshal for service upon the Defendant, pursuant to Rule 4 of the Federal Rules of Civil Procedure. Failure to return the completed summons and service forms by 2/20/2015 will result in this case being dismissed without prejudice, without further notice.

[Doc. 4.]

Salau completed the forms, and summonses were issued on January 27, 2015 and

forwarded to the U.S. Marshal for service. Service was attempted by the U.S. Marshal on February 11, 2015, but the Defendants could not be located. [Docs. 6 and 7.] Returns of service, unexecuted, were filed on February 13, 2015. [Docs. 6 and 7.] At the bottom of one form, the Deputy U.S. Marshal noted, "Mr. Trapp has been suspended by the Missouri Bar. He is currently in the country of Qatar with no return date." [Doc. 7.]

On February 17, 2015, the Court entered an Order on Pretrial Procedures. [Doc. 9.] The Order provided, "Service must be obtained on all defendants within forty (40) days of the date of this Order unless otherwise authorized by the Court." *Id.* On the same day, and in view of the failure of service the week before, the Court ordered the Clerk's office to forward new summons and service forms to Salau, who was ordered to "return the completed summons and service forms to the Clerk's Office showing the address where Defendants may be served." [Doc. 10.] The Clerk's office was ordered to issue the summonses and deliver them to the U.S. Marshal for service. The Order additionally provided, "If service is not obtained on Defendants by March 30, 2015, the case is subject to dismissal without prejudice, without further notice." *Id.*

On February 17, 2015, the forms were sent to Salau, which he returned to the Clerk, and on March 4, 2015, the Clerk reissued summonses and sent them to the U.S. Marshal for service. Returns of service, unexecuted, were filed on April 2, 2015. [Docs. 12 and 13.]

On April 16, 2015, the Court denied Salau's "Motion to Determine Sufficiency of Service and in the Alternative for Service by Publication." [Docs. 11, 14]. The Court ordered that if Salau had not had Defendants served by 5/26/2015 and if he failed to show good cause for failure to serve them by 5/26/2015, this action may be dismissed without prejudice. [Doc. 14.]

On May 22, 2015, summonses were reissued and sent to the U.S. Marshal for service. On June 11, 2015, returns of service, unexecuted, were filed. [Doc. 15.]

2

On June 11, 2015, Salau provided new addresses for service [Doc. 16] and summonses were reissued by the Clerk on June 12, 2015. A return of service, unexecuted, was filed on July 17, 2015. [Doc. 18.] The filing included the Deputy Marshal's notes about his multiple attempts to serve Defendant Trapp at the Osage Beach, Missouri address Salau provided, including that no one was found there (6/30/2015); that the trustee for the property could not be found (7/9/2015); that Trapp could not be reached at the phone number provided and did not respond to a message left for him (7/9/2015); that no one was found there (9/7/2015); and that according to a neighbor, Trapp had sold the property a year and half earlier (9/17/2015).

On July 17, 2015, the Court entered a show-cause order:

> Salau was previously warned, by Order dated 4/16/2015 [Doc. 14], that failure to serve Defendants may result in dismissal of this action without prejudice. More than 120 days have now passed since Salau filed his complaint, but he has not yet had Defendants served with process. The summons and service forms Plaintiff most recently filled out for purposes of having Defendants served did not include a good address for service, and on 7/17/2015, summons was returned unexecuted. [Doc. 18.] Accordingly, no later than 7/31/2015, Salau shall show cause why this case should not be dismissed without prejudice for failure to timely serve Defendants.

[Doc. 19.]

Another return of service, unexecuted, was filed on July 24, 2015. [Doc. 20.] The form showed unsuccessful service on Defendant Trapp Law Firm by certified mail at a New York address.

To-date, no executed returns of service have been filed, the Defendants have not filed anything reflecting they have waived service, nor has an attorney entered an appearance or filed anything on the Defendants' behalf.

3

**II.    Discussion**

As the Court explained in its Order of April 16, 2015 [Doc. 14], a plaintiff who is proceeding *in forma pauperis* is entitled to rely on court staff and the United States Marshal Service to prepare the summons and effect service, respectively, but that it remains the responsibility of the plaintiff to provide a proper address for service and for having the summons and complaint served within the time allowed under the Federal Rules of Civil Procedure. *See* Rule 4; *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). Specifically, under Rule 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See also Bullock v. United States*, 160 F.3d 441, 442 (8th Cir. 1998) (per curiam) (affirming dismissal of pro se plaintiffs' action after 140 days passed without proper service); *Edwards v. Edwards*, 754 F.2d 298, 299 (8th Cir. 1985) (per curiam) (affirming dismissal of pro se plaintiff's action after 170 days passed without proper service). Even if a plaintiff fails to show good cause, an extension of time may be granted if the plaintiff demonstrates excusable neglect. *Colosante v. Wells Fargo Corp.,* 81 Fed. App'x 611, 613 (8th Cir. 2003).

Here, more than 190 days have passed since Salau's Complaint was filed, but he still has not had the summons and Complaint served on the Defendants. In his response to the show-cause order, Salau asks for an extension of time to accomplish service because Defendant Trapp frequently travels outside of Missouri and out of the country for the purpose of evading service, and the addresses for the Defendants that are available from the United States Postal Service and Secretary of State's website are not valid. [Doc. 21.] Salau asks for an additional 120 days so that he can attempt to accomplish service upon Trapp "in wherever foreign residence he may

4

reside in," and asks for leave to effect service by electronic means such as email. [*Id.*]

Salau has failed to show good cause or excusable neglect for his failure to serve the Defendants. His response to the show cause order reiterates issues he has raised before or has long been aware of. For example, Salau has previously represented that Trapp was frequently out of state and evading service [Doc. 11, Motion for Service by Publication, filed 3/1/2015], and the return of service unexecuted, filed in February 2015, noted that Trapp was reportedly in Qatar with no known return date. Yet most recently, in June 2015, Salau provided another Missouri address for service on Defendant Trapp at a property purportedly belonging to Trapp— where no one could ever be located, and that according to a neighbor was sold by Trapp more than a year ago. Furthermore, Salau has known since at least March 1, 2015 that addresses he obtained from the U.S. Postal Service and the Secretary of State's website for purposes of attempting to accomplish service were invalid. [Docs. 11-2, Motion for Service by Publication, Exhibits 6, 7, and 9.]

If Salau wishes to serve Trapp at a residence in a foreign country, "wherever [that] residence" may be [Doc. 11], Salau does not demonstrate that he can do so even if given the additional 120 days he requests. As noted, a return of service unexecuted that was filed in February suggested Trapp was in Qatar. If Trapp is there now, or in another foreign country, Salau has failed to show in his present response to the show-cause order, or at any time in the six months since February, that he has any ability to provide any address for Trapp in any foreign country. Salau also states in his response to the show cause order that he seeks leave to serve Trapp by electronic means. But as the Court explained in the Order of April 16, 2015, such a means does not constitute a proper method of service, and therefore will not be permitted.

A case cannot be left open indefinitely when a defendant cannot be served consistent with

5

Case 2:14-cv-04306-NKL   Document 22   Filed 08/13/15   Page 5 of 6

due process, and the Court has expressly warned Salau four times that failure to accomplish service could result in dismissal without prejudice. An extension of time will accomplish nothing but delay. Moreover, if, as Salau represents, Trapp has left the state or the country, Missouri law ameliorates the consequence of a dismissal for failure to obtain service:

> If at any time when any cause of action herein specified accrues against any person who is a resident of this state, and he is absent therefrom, such action may be commenced within the times herein respectively limited, after the return of such person into the state.

Mo. Rev. Stat. § 516.200.

Accordingly, the action will be dismissed without prejudice for failure to timely serve the Defendants.

### III. Conclusion

Plaintiff Salau's action is dismissed without prejudice.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: August 13, 2015
Jefferson City, Missouri