# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| AHMED SALAU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:14-cv-04306-NKL |
| SAMUEL TRAPP, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff Ahmed Salau's Motion to Waiver PACER Service Fees [Doc. 17] is denied.

Salau requests an order directing the PACER Service Center to waive PACER fees he has incurred on his account number 4501798 in the amount of $744.40. He states that he is on food stamps and has an active bankruptcy proceeding; was previously granted leave to proceed in forma pauperis; is unable to pay the fees incurred; and if the Court does not grant relief, his access to the courts will be restricted.

In forma pauperis status does not automatically entitle a user to free access to PACER. A court has discretion to grant free access if the individual seeking it has "demonstrated…an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *See* Electronic Public Access Fee Schedule (reprinted with 28 U.S.C. § 1914). The Judicial Conference Policy Notes state that any such exemption should be the exception not the rule. *Id*.

In addition, the Fee Schedule provides that "parties in a case (including pro se litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically." *Id*. PACER fees are also waived

for usage totaling less than $15.00 in a quarterly billing cycle. *Id*.

Consequently, as a party to the case, Salau already receives one free copy of all electronic documents filed in this case, which upon first review he can download or print for his records and future reference, plus an additional $15.00 in free access to PACER per quarter. The Court also takes judicial notice that Salau has incurred a total of less than $10.00 in PACER fees in this case, a minimal charge.

Nor has Salau identified anything relevant to this case to which he does not have access, or explained why the free PACER access already provided to him at no charge is inadequate. Further, per Local Rule 5.1, because Salau is proceeding pro se, he is not required to use PACER, and may instead file, serve, and be served documents in this action pursuant to the several alternate methods set forth under Rule 5 of the Federal Rules of Civil Procedure.

Finally, by separate Order entered this same date [Doc. 22], the Court has dismissed Salau's action. Therefore, Salau will not be prejudiced by denial of a waiver going forward.

Based on the foregoing, the Court finds no basis for exemption from PACER fees. Salau's Motion to Waive PACER Service Fees [Doc. 17] is therefore denied.

                                                   s/ Nanette K. Laughrey
                                                   NANETTE K. LAUGHREY
                                                   United States District Judge

Dated: August 13, 2015
Jefferson City, Missouri